**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1054n.06

No. 11-4194

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Oct 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ELBERT HOGAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| KOKOSING CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  SUTTON, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM.  Elbert Hogan appeals the entry of summary judgment for defendant, Kokosing Construction Company (Kokosing), in this action alleging a breach of a collective bargaining agreement (CBA), pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 et seq.

Hogan was working in construction for Kokosing and was a member of a union when, in May 2008, he injured his foot.  He was off work and collecting workers' compensation benefits when an investigator hired by Kokosing to conduct surveillance on Hogan videotaped him performing yard work inconsistent with the work restrictions placed on him by his doctor.  At the time this video was made in mid-July of 2008, Hogan had not yet been cleared by his doctor to return to work.  When Hogan subsequently reported to Kokosing that his doctor had cleared him to return to work, he was not recalled.  He attempted to file a grievance with the union, but was told it had no merit.

Hogan filed this action alleging that Kokosing breached the CBA. After discovery was conducted, Kokosing filed a motion for summary judgment, and Hogan responded. The district court granted the judgment for Kokosing, finding that Hogan had presented no evidence in support of his claim of a breach of the CBA.

Summary judgment is properly granted where the non-moving party lacks evidence to support an essential element of his case. *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993) (*per curiam*). In order to establish his case under the LMRA, Hogan was required to show both that Kokosing breached the CBA and that the union breached its duty of fair representation. *See Higgins v. Int'l Union, Sec., Police, Fire Prof'ls of Am.*, 398 F.3d 384, 387 (6th Cir. 2005).

On appeal, Hogan claims that the district court ignored his deposition testimony, which he asserts provided evidence of retaliation by Kokosing for Hogan's attempt to exercise his rights and file a grievance. (Pl. Br., 6) Hogan believes that Kokosing refused to return him to work because of the surveillance tape. When asked to explain his belief that it was wrongful for Kokosing to hire other employees to work ahead of him, Hogan explained: "Because I was already employed by Kokosing. Why would they call new hires out of the union hall, when I was already prepared [to] come back to work? I got a release to come back to work."

The district court properly concluded that Hogan presented no evidence that Kokosing breached the CBA. The court quoted the agreement's provisions, which stated that the employer was "free to hire or recall any worker it chooses," and was not "required to bring back its own employees before hiring through the [union] hall."

Further, to the extent Hogan attempts to raise a retaliation claim, the record is clear that Kokosing's decision to decline to rehire Hogan was made before Hogan attempted to exercise his rights under the CBA. Hogan points to his testimony regarding the union's alleged breach of the duty of fair representation, but cites no testimony in his deposition that contradicts the provisions of the CBA quoted above. Because Hogan did not present any evidence in support of an element essential to his case, we affirm the summary judgment for defendant.